# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

SARAH MCLEOD,               )

        Plaintiff         )

    v.                    )   **Case No.:**

NCO FINANCIAL SYSTEMS, INC.,  )   **COMPLAINT AND DEMAND FOR**
                                    )   **JURY TRIAL**

        Defendant      )

                                  )   **(Unlawful Debt Collection Practices)**

## COMPLAINT

SARAH MCLEOD ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6. Plaintiff is a natural person residing in Queensbury, New York, 12804.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Also, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**PRELIMINARY STATEMENT**

12. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the

- 2 -

PLAINTIFF'S COMPLAINT

FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

13.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.   The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.   Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.   And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

14.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.   Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

15.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.   The express purposes of the FDCPA are to "eliminate abusive debt collection

- 3 -

practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

16.   At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

17.   The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

18.   Beginning in or around January 2011, Defendant, its agents, employees, and servants, contacted Plaintiff seeking and demanding payment for an alleged debt.

19.   Defendant claimed that Plaintiff owed a debt on a credit card account.

20.   Unaware of owing any debt on a credit card account, Plaintiff asked Defendant several times for the name of the credit card account, the account number and for the amount of the debt.

21.   At first, Defendant would not provide Plaintiff with any information about the alleged debt, instead deceptively telling Plaintiff that her questions did not matter since the debt was no longer with the credit card company, but was now with Defendant.

22.   Plaintiff kept asking Defendant about the debt, and finally Defendant disclosed to Plaintiff that the credit card account and debt were her father's, and that since Plaintiff was an authorized user on the credit card account, that she was now responsible for the debt.

23.   Plaintiff disputed owing the debt, telling Defendant that she was not responsible for any of her father's debts, she was not an authorized user of her father's credit card, she never

- 4 -

used her father's credit card, and that she only had one credit card to her name.

24.     Thereafter, Plaintiff contacted her father regarding the credit card account.

25.     Plaintiff's father told her that he had never authorized Plaintiff as a user on any of his credit cards.

26.     Knowing that Plaintiff disputed owing the debt, Defendant continued to contact her claiming that she would have to pay the debt since her name was on the account.

27.     Defendant suggested that Plaintiff take out a personal loan to pay off the alleged debt.

28.     Plaintiff asked Defendant if the alleged debt was hurting her credit.

29.     Defendant falsely stated to Plaintiff that it was currently viewing her (Plaintiff's) credit report and the alleged debt was hurting her credit.

30.     Thereafter, Plaintiff checked her credit report and discovered that the alleged debt does not appear on her credit report.  See Exhibit A, Plaintiff's Credit Report.

31.     Plaintiff contacted the undersigned legal counsel regarding this matter.

32.     On January 5, 2011, counsel for Plaintiff notified Defendant of its representation of Plaintiff and demanded that Defendant cease and desist contacting Plaintiff about the alleged debt.  See Exhibit B, Letter of Representation.

33.     Less than two (2) months later, on or around February 28, 2011, Defendant, by and through its employee Nicole Coleman, contacted Plaintiff and stated, "Last time we spoke, we never resolved this debt.  Your not doing anything is still hurting your credit."

34.     Plaintiff told Ms. Coleman that she was walking into work and could not speak.

35.     Ms. Coleman threatened Plaintiff that if she was employed, that Defendant could starting garnishing her wages if she did not settle the debt.

- 5 -

PLAINTIFF'S COMPLAINT

36.     Plaintiff informed Ms. Coleman that she was represented by legal counsel, and she should not be calling her.

37.     Ms. Coleman falsely claimed to Plaintiff that she (Ms. Coleman) was not aware Plaintiff had legal counsel, despite the fact that Plaintiff's counsel had sent correspondence to Defendant regarding its representation of Plaintiff on January 5, 2011.

38.     To date, despite threats to the contrary, Defendant has not garnished Plaintiff's wages or taken other legal action against Plaintiff, thereby indicating it did not intend to take the action it previously threatened.

39.     After its initial communication with Plaintiff in January 2011, Defendant failed to Plaintiff written correspondence advising her of her rights to dispute the debt and/or request verification of the debt.

40.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

41.     The FDCPA is a strict liability statute.  Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."  Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

42.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The

- 6 -

remedial nature of the FDCPA requires that courts interpret it liberally.  Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer."  Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

43.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."  Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

44.    In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

     a.  Defendant violated of the FDCPA generally;

     b.  Defendant violated §1692c(a)(2) of the FDCPA by contacting Plaintiff after

- 7 -

Defendant knew that Plaintiff was represented by an attorney with respect to the alleged debt;

c. Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

d. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

e. Defendant violated §1692e(2) of the FDCPA by falsely representing the character, amount or legal status of any debt;

f. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

g. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

h. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

i. Defendant violated §1692f(1) of the FDCPA by collecting an amount from Plaintiff not expressly authorized by the agreement creating the debt or permitted by law;

j. Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt; and

k. Defendant acted in an otherwise deceptive, unfair and unconscionable manner

- 8 -

and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, SARAH MCLEOD, respectfully pray for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SARAH MCLEOD, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 4/29/11

KIMMEL & SILVERMAN, P.C.

By: _Tara L. Patterson_
Tara L. Patterson
Attorney ID # 88343
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: 877-788-2864
Email: tpatterson@creditlaw.com

- 9 -

PLAINTIFF'S COMPLAINT

## Personal Information

| | | | |
|---|---|---|---|
| | | **File Number:** | |
| | | **Date Issued:** | 01/06/2011 |

**Name:** SARAH M. MCLEOD

**Other Names:** SARAH M. MCLOAD

**SSN:** XXX-XX-

**Date of Birth:**

You have been on our files since 03/2007

**Telephone**

Your SSN is partially masked for your protection

### CURRENT ADDRESS

**Address:**

**Date Reported:** 03/2007

### PREVIOUS ADDRESSES

**Address:**

**Date Reported:** 06/2008

### EMPLOYMENT DATA REPORTED

**Employer Name:**
**Date Verified:**

**Position:**
**Date Hired:**

**Employer Name:**
**Date Verified:**

**Position:**
**Date Hired:**

Special Notes: The display of your Social Security number has been abbreviated and your account numbers have been modified in this report for your protection. You may request disclosure of your full Social Security number by writing to us at the address found at the end of this report. Also if any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | 30 | 60 | 90 | 120 |
|---|---|---|---|---|---|---|
| **Not Applicable** | **Unknown** | **Current** | **30 days late** | **60 days late** | **90 days late** | **120 days late** |

## Satisfactory Accounts

The following accounts are reported with no adverse information.

### AMEREAGLEOUTFT/MBGA/GEMB

PO BOX 981400
EL PASO , TX 79998
(800) 843-0875

| | | | | |
|---|---|---|---|---|
| **Balance:** | | **Pay Status:** | Paid or Paying as Agreed |
| **Date Updated:** | 12/2010 | **Account Type:** | Revolving Account |
| **High Balance:** | | **Responsibility:** | Individual Account |
| **Credit Limit:** | | **Date Opened:** | 08/2007 |
| **Past Due:** | $0 | **Date Closed:** | 05/2008 |
| | | **Date Paid:** | 06/2008 |

**Loan Type:** Charge Account
**Remark:** Account closed by credit grantor

**Late Payments**
30 months

| 30 | 60 | 90 |
|---|---|---|
| 0 | 0 | 0 |

**Last 30 Months**

OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK
nov oct sep aug jul may apr mar feb '10 dec nov oct sep aug jul jun may apr mar feb '09 dec
OK OK OK OK OK OK
nov oct sep aug jul jun

### BROOKLINE BANK

PO BOX 61787
KING OF PRUSSI , PA 19406
(877) 575-5942



PLAINTIFF'S EXHIBIT A · ALL-STATE LEGAL®

| | | | |
|---|---|---|---|
| **Balance:** | . . | **Pay Status:** | Paid or Paying as Agreed |
| **Date Updated:** | 12/2010 | **Account Type:** | Installment Account |
| **High Balance:** | | **Responsibility:** | Joint Account |
| **Past Due:** | $0 | **Date Opened:** | 08/2009 |
| **Terms:** | | | |
| **Loan Type:** Automobile | | | |

| Late Payments | | | |
|---|---|---|---|
| 17 months | | Last 16 | OK OK OK OK OK X OK OK OK OK OK OK OK OK OK OK |
| 30 60 90 | | Months | nov oct sep aug jul jun may apr mar feb '10 dec nov oct sep aug |
| 0 0 0 | | | |

## CAPITAL ONE BANK USA NA

| | | | |
|---|---|---|---|
| PO BOX 30281 | **Balance:** | | **Pay Status:** | Paid or Paying as Agreed |
| SALT LAKE CITY , UT 84130 | **Date Updated:** | 12/2010 | **Account Type:** | Revolving Account |
| (800) 955-7070 | **High Balance:** | | **Responsibility:** | Individual Account |
| | **Credit Limit:** | | **Date Opened:** | 02/2009 |
| | **Past Due:** | $0 | | |
| | **Terms:** | . . | | |

**Loan Type:** Credit Card

| Late Payments | | | |
|---|---|---|---|
| 21 months | | Last 21 | OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK |
| 30 60 90 | | Months | nov oct sep aug jul jun may apr mar feb '10 dec nov oct sep aug jul jun may apr mar |
| 0 0 0 | | | |

## Regular Inquiries

The following companies have received your credit report. Their inquiries remain on your credit report for two years.

### NCO FINANCIAL SYSTEMS
515 PENNSYLVANIA A
P O BOX 7603
FT WASHINGTON , PA 19034
(215) 832-1450

| | |
|---|---|
| **Requested On:** | 01/04/2011 |
| **Inquiry Type:** | Individual |

### BROOKLINE SAVINGS BANK
160 WASHINGTON ST
BROOKLINE , MA 02445
(781) 906-8383

| | |
|---|---|
| **Requested On:** | 08/11/2009 |
| **Inquiry Type:** | Individual |
| **Loan Type:** | Unknown |

### PATRICK MOTORS INC via ODE/PATRICK MTRS AUBURN
519 WASHINGTON
AUBURN , MA 01501
(508) 832-8883

| | | | |
|---|---|---|---|
| **Requested On:** | 08/06/2009 | **Permissible Purpose:** | CREDIT TRANSACTION |
| **Inquiry Type:** | Individual | | |

### M&T BANK INDIR
1 FOUNTAIN PLAZA
FLOOR 3
BUFFALO , NY 14203
(800) 724-6450

| | |
|---|---|
| **Requested On:** | 07/28/2009 |
| **Inquiry Type:** | Joint |

### CAPITAL ONE BANK USA NA
PO BOX 30281
SALT LAKE CITY , UT 84130
(800) 955-7070

| | |
|---|---|
| **Requested On:** | 02/04/2009 |
| **Inquiry Type:** | Individual |

## Inquiry Analysis

The companies listed in the regular inquiry section of your report that received your file in the last 90 days provided the following input on their request.

### NCO FINANCIAL SYSTEMS

**Requested On:** 01/04/2011

**Identifying Information they provided:**
SARAH MCLEOD



CRAIG THOR KIMMEL*^
ROBERT M. SILVERMAN*^

*  Member, PA Bar
*  Member, NJ Bar
*  Member, DE Bar
*  Member, NT Bar
*  Member, MA Bar
*  Member, MD Bar
*  Member, OH Bar
*  Member, MI Bar
*  Member, NH Bar
*  Member, CT Bar
*  Member, TN Bar

**KIMMEL & SILVERMAN**
P.C.

www.CREDITLAW.com
(800)-NOT-FAIR

CORPORATE HEADQUARTERS
30 E. Butler Pike, Ambler, PA 19002
Toll Free (800)-668-3247
Fax (800) 863-1689

JACQUELINE C. HERRITT*^
ROBERT A. RAPKIN*
AMY L. BENNECOFF*^
TARA L. PATTERSON*
ANGELA K. TROCCOLI*^
KATE O. SHUMAKER*^
CHRISTINA GILL ROSEMAN*^
FRED DAVIS*
RICHARD A. SCHOLER*

DELAWARE, 501 Silverside Road, Suite 118, Wilmington, DE 19809, (302) 791-9373
NEW ENGLAND, 60 Hartford Pike, P.O. Box 325, Dayville, CT 06241, (860) 866-4380
NEW JERSEY, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, (856) 429-8334
NEW YORK, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, (212) 719-7543
WESTERN DISTRICT OF NY, 1207 Delaware Avenue, Suite 440, Buffalo, NY 14209, (716) 332-6112
W. PENNSYLVANIA, 210 Grant Street, Suite 202, Pittsburgh, PA 15219, (412) 566-1001
Please reply to CORPORATE HEADQUARTERS

January 5, 2011

**VIA E-MAIL**
Ross S. Enders, Esq.
Sessions, Fishman, Nathan & Israel
200 Route 31 North, Suite 300
Flemington, NJ 08822

     **RE: Mcleod, Sarah v. NCO Financial Systems**

Dear Mr. Enders:

     Please be advised that we represent the above-named individual regarding claims against your company pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C 1692, et seq. and State law. Having been formally notified of representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to our attention only. We reserve the right to seek injunctive relief should you fail to honor these directives.

     **THIS LETTER ALSO SERVES AS NOTICE TO IMMEDIATELY CEASE AND DESIST CONTACTING OUR CLIENT** with respect to the collection or attempted collection of any debt, pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b(6) and 1692c(b), et seq. There to be absolutely no calls, letters, or other communications whatsoever by any debt collector. Do not contact our client at home, at work, by cellular phone, by mail or otherwise.

*"When Debt Collectors Called you, they never expected you to call us"*
© Copyright 2009-2010 All Rights Reserved, Kimmel & Silverman, P.C.



Based upon the information received to date, an FDCPA claim is being prepared and will be filed against your company without further advance notice. You may if desired, contact us to discuss the matter but in any event, do not attempt to communicate with our client directly.

Sincerely,

/s/ Craig Thor Kimmel

Craig Thor Kimmel
Kimmel & Silverman, P.C.

*"When Debt Collectors Called you, they never expected you to call us"*
© Copyright 2009-2010 All Rights Reserved, Kimmel & Silverman, P.C